LAW OFFICES
**ARENSON, DITTMAR & KARBAN**
420 LEXINGTON AVENUE
SUITE 1402
NEW YORK, N.Y. 10170

FACSIMILE
(212) 682-0278

TELEPHONE
(212) 490-3600

March 24, 2026

**VIA ECF**
Hon. Michael A. Shipp, U.S.D.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

Re: *Delgado v. Mercadien, P.C., CPAs*, No. 3:26-cv-1773-MAS-TJB
*Henry v. Mercadien, P.C., CPAs*, No. 3:26-cv-1820-MAS-TJB
*Palmeri v. Mercadien, P.C., CPAs*, No. 3:26-cv-1822-MAS-TJB
*Blugh-Corke v. Mercadien Securities, LLC*, No. 3:26-cv-1825-MAS-TJB
*Johnson v. Mercadien, P.C., CPAs*, No. 3:26-cv-2012-MAS-TJB

Dear Judge Shipp:

We are co-counsel representing Plaintiff in *Delgado v. Mercadien, P.C., CPAs*, Civil Action No. 3:26-cv-1773-MAS-TJB, and write on behalf of Plaintiffs in each of the above-listed cases (the "Actions") to request consolidation of the related cases under Fed. R. Civ. P. 42 and appointment of Co-Lead Interim Class Counsel under Fed. R. Civ. P. 23(g). In addition, Plaintiffs and Defendant jointly request entry of their proposed schedule for Plaintiffs to file a consolidated complaint and for Defendant to answer or move to dismiss the consolidated complaint. Defendant consents to consolidation of the related cases under Fed. R. Civ. P. 42.

## Consolidation and Appointment of Interim Class Counsel

By way of background, all Plaintiffs assert claims on behalf themselves and classes of individuals whose personally identifiable information ("PII"), was impacted during the cyber security incident disclosed by Defendant on or about December 1, 2025.

Where cases pending in the same District involve common questions of law or fact and assert overlapping claims on behalf of overlapping putative classes, consolidation is appropriate pursuant to Fed. R. Civ. P. 42(a). Here, the Actions concern the same data breach against the same Defendant and are brought on behalf of overlapping classes. As such, consolidation is appropriate.

Moreover, in complex cases such as this one, it is well-established that the Court may appoint counsel to coordinate the prosecution of the litigation. Rule 23 specifically provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The Advisory Committee Notes to Rule 23(g)(2)(A) explain that the rule "authorizes [a] court to designate interim counsel during the precertification period if necessary to protect the interests of the putative class." The Manual for Complex Litigation elaborates:

> If . . . there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. *In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities*, such as making and responding to motions, conducting any necessary discovery, moving for class certification and negotiating settlement.

*Manual for Complex Litigation*, Fourth § 21.11 (emphasis added).

"Although neither the federal rules nor the Advisory Committee Notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)([A]), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *In re Insulin Pricing Litig.*, 2017 WL 4122437, at *1 (D.N.J. Sept. 18, 2017) (Martinotti, J.); *Waudby v. Verizon Wireless Servs., Inc.*, 248 F.R.D. 173, 175-76 (D.N.J. 2008).

While class actions such as these often precipitate extended motion practice to determine the most adequate plaintiffs' lead counsel, the lawyers who filed these cases regularly work cooperatively together and have conferred and agreed on a proposed leadership structure that avoids protracted motion practice and—more importantly—efficiently serves the interests of the aggrieved putative classes. We hope that our proposed structure meets with Your Honor's approval. If it does, our immediate plan is to continue our efforts to advance the case expeditiously and efficiently.

In sum, we think our proposal is sensible, efficient, and in the best interests of the classes and the Court. We propose a leadership structure consisting of three Co-Lead Interim Class Counsel: Scott Edward Cole of Cole & Van Note, Jason H. Alperstein of Carella, Byrne, Cecchi, Brody & Agnello, P.C. ("Carella Byrne"), and Anthony L. Parkhill of Barnow and Associates, P.C.[1] As detailed below, proposed Co-Lead Interim Class Counsel have extensive experience in complex class action matters, including data breach and privacy cases, and each proposed Co-Lead is prepared to devote their personal time and resources necessary to prosecute this action.

**<u>The Proposed Structure Satisfies Rule 23</u>**

The most common means of selecting class counsel is so-called "private ordering," *i.e.*, a voluntary agreement among counsel, subject to court approval to ensure that counsel is qualified and capable. *See* Third Circuit Task Force on Selection of Class Counsel, 208 F.R.D. 340, 416-17 (3d Cir. 2002) ("Case law and experience indicates that the dominant scenario for appointing class counsel is deference to private ordering."). *See also Manual for Complex Litigation (Fourth)* § 21.272 ("There are several methods for selecting among competing applicants. By far the most common is the so-called 'private ordering' approach: The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests.").

---

[1] Biographies for each proposed Co-Lead Interim Class Counsel are annexed as Exhibits A-C.

The responsibilities of interim class counsel mirror those of class counsel (appointed after class certification). Courts therefore consider the same factors enumerated in Rule 23(g)(1)(A) in selecting interim class counsel.[2] The Federal Rules of Civil Procedure instruct courts to consider the following when appointing class counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.[3]

The court may also consider any other matter "pertinent to counsel's ability to fairly and adequately represent the interests of the class."[4] Appointment is appropriate where the Court concludes that "[c]lass counsel [will] fairly and adequately represent the interests of the class."[5]

Proposed Co-Lead Interim Class Counsel satisfies the applicable criteria for serving as class counsel. Further, each proposed Co-Lead and their firms have worked to identify and investigate the potential claims; is experienced in handling complex class actions, particularly data breach and privacy litigation; possesses in-depth knowledge of the applicable law; and has adequate resources to commit to representing the proposed class of consumers.[6]

The firms are all experienced class action firms, have worked collegially and collaboratively on many matters, and have substantial experience working on a wide range of complex matters. Attorneys at these firms have decades of experience litigating some of the nation's most complicated class actions and have successfully recovered billions of dollars in damages for class members. In addition to their ample experience and qualifications, each of the proposed Co-Lead Interim Class Counsel are well capitalized and are fully capable and prepared to staff and finance this action without the use of litigation funders. Indeed, the firms have already devoted significant time investigating the bases for the claims asserted in this action and have devoted significant resources to researching, investigating, and drafting detailed pleadings.

The following brief summaries (as well as the concise resume's annexed hereto) further illustrate each proposed counsels' background and qualifications to lead this case within the proposed structure.

**1. Scott Edward Cole of Cole & Van Note**

Scott Edward Cole is the founder and a shareholder of Cole & Van Note ("CVN"), a firm based out of Oakland, California. CVN is a class action centric and boutique practice devoted to prosecuting privacy, including data breaches, employment, environmental and/or consumer fraud complex cases. In its 33+ history, CVN has prosecuted hundreds of class and/or

[2] *In re Insulin Pricing Litig.*, 2017 WL 4122437, at *1.
[3] Fed. R. Civ. P. 23(g)(1)(A).
[4] Fed. R. Civ. P. 23(g)(1)(B).
[5] Fed. R. Civ. P. 23(g)(2) and (4).
[6] *See* Fed. R. Civ. P. 23(g)(1).

complex/representative cases, some of the more unique ones being identified in the firm's professional resume.

Many of these cases involve(d) some or all of the same legal issues as are presented in the current action. While almost entirely devoted today to prosecuting cyber-security class actions, the firm's past experiences run deep across various areas of the law—from employment wage and hour and discrimination cases, to consumer, personal injury and environmental class actions/mass tort cases. CVN has successfully achieved class certification, settlements and judgments in varied factual scenarios, just some of the more unique, difficult or groundbreaking situations being set forth in the firm's resume. Some better-known and/or "game changing" cases include *Kullar v. Foot Locker Retail, Inc.* (2008) 168 Cal.App.4th 116 (Case No. A119697) (setting the standard for settlement approval in California state courts); *Augustus (Davis) vs. ABM Security Services*., Supreme Court of California Case No. S224853 (establishing a new Supreme Court standard for workplace rest periods; $110 million settlement); *Despres v. United Parcel Service, Inc*., Case Nos. 3:03-CV-02987 (TEH) and 3:03-CV-02001 (TEH) (N.D. Cal.) (historic $87 million settlement in meal break-only case); *Kurihara v. Best Buy Co., Inc.*, 2007 U.S. Dist. LEXIS 64224 (N.D. Cal. Aug. 29, 2007) (class cert. granted and clarifying distinction between class composition and entitlement to a recovery); *Tierno v. Rite Aid Corp.,* 2006 U.S. Dist. LEXIS 71794 (N.D. Cal. Aug. 31, 2006) (oft-cited ruling certifying a class of retail Store Managers alleging overtime misclassification; $6.9 million settlement); *Fulton v. Sports and Fitness Clubs of America, dba 24 Hour Fitness, USA, Inc.,* Case No. GIC881669 (Super. Ct. Cal. San Diego Cnty.), (consolidated with Case No. GIC873193) (industry changing case that helped define "piece rate" standard under the law; class certification and then summary judgment granted; $19 million resolution); *In Re Westley Tire Fire Litigation*, Case No. CV 801282 (Super. Ct. Cal. Santa Clara Cnty.) (lead counsel in toxic 7 million automobile tire fire that impacted up to one third of the State of California); *In Re Unocal Refinery Litigation*, Case No. C94-04141 (Super. Ct. Cal. Contra Costa Cnty. (Steering Committee in massive toxic chemical release and topic of Mr. Cole's book, "Fallout"); *In Re: Apple Inc. Device Performance Litigation*, Case No. 5:18-md-02827-EJD (N.D. Cal.) (Steering Committee in consumer fraud case); *In Re Tosco SFR Litigation* (C97-01637 (Super. Ct. Cal. Contra Costa Cnty.) (Lead Counsel in massive 1997 toxic airborne release over multiple towns).

Currently, CVN is devoted almost entirely to the prosecution of data breach class actions, with the vast bulk of its caseload being cases involving almost identical legal and factual issues to those presented in the instant case. In these matters, CVN serves in a variety of roles, oftentimes in various leadership positions. For example, CVN has served as court-appointed lead or co-lead counsel in dozens of data breach matters, including, but not limited to: *Henderson, et al. v. Reventics, LLC*, Case No. 1:23-cv-00586-MEH (D. Colo.) (court appointed co-lead counsel); *Hinds, et al. v. Community Medical Centers, Inc.*, Case No. STK-CV-UNPI-2021-10404 (Super. Ct. Cal. San Joaquin Cnty.) (court appointed co-lead counsel); *Tsvetanova, et al. v. UCSD Health*, Case No. 37-2021-00039888-CU-PO-CTL (Super. Ct. Cal. San Diego Cnty.) (court appointed co-lead counsel); *In Re: Rackspace Data Security Litigation*, No.: SA-22-cv-01296-XR (W.D. Tex.) (court appointed lead counsel); *Fedorys, et al. v. Ethos Group Inc.*, Case No. 3:22-cv-2573-M (N.D. Tex.) (court appointed co-lead counsel); *Moreland, et al. v. 1st Franklin Financial Corporation*, Case No. 2:23-cv-00038-SCJ (N.D. Ga.) (court appointed co-lead counsel);

*Domitrovich, et al. v. MC Dean, Inc.*, Case No. 1:23-cv-00210-CMH-JFA (E.D. Va) (court appointed co-lead counsel); *Deevers, et al. v. Wing Financial Services, LLC.*, Case No. 4:22-cv-00550-CVE-MTS (N.D. Okla.) (court appointed co-lead counsel); *Darrin v. Huntington Ingalls Industries, Inc.*, Case No. 4:23-cv-00053-JKW-DEM (E.D. Va.) (court appointed co-lead counsel); *Guerrero v. Merritt Healthcare Holdings, LLC*, Case No. 3:23-cv-00389-MPS (D. Conn.) (court appointed co-lead counsel); *Prutsman v. Nonstop Administration and Insurance Services, Inc*., Case No. 3:23-Cv-01131-VC (N.D. Cal.) (court appointed co-lead counsel); *In re DISH Network Data Security Incident Litigation,* Case No. 1:23-cv-01168-RMR-SBP (D. Colo.) (court appointed co-lead counsel); *Byers v. Orthoalaska, LLC,* Case No. 3:23-cv-00243-SLG (D. Alaska) (court appointed co-lead counsel); *Tambroni v. Wellnow Urgent Care, P.C.*, Case No. 1:24-cv-01595 (N.D. Ill.) (court appointed co-lead counsel); *Dryden v. Tri Counties Bank*, Case No. 23CV03115 (Super. Ct. Cal. Butte Cnty.) (court appointed co-lead counsel); *Brett v. Valley Mountain Regional Center*, Case No. STK-CV-UPl-2024-0005025 (Super. Ct. Cal. San Joaquin Cnty.) (court appointed co-lead counsel); *Cordell v. Patelco Credit Union*, Case No. 24CV082095 (Super. Ct. Cal. Alameda Cnty.) (court appointed co-lead counsel); *Skillings, et al., v. Access Sports Medicine and Orthopedics*, Case No. 218-2024-CV-01086 (Super. Ct. New Hampshire Rockingham Cnty.) (court appointed co-lead counsel); *Bujok v. MC2 Data, LLC*, Case No. 0:24-cv-61864-LEIBOWITZ (S.D. Fla.) (court appointed co-lead counsel); *Francisco v. Diligent Acquisitions LLC*, Case No. 4:24-cv-04468 (S.D. Tex.) (court appointed co-lead counsel); *Oliver v. Jewish Home Lifecare* (N.Y. Sup. Ct., N.Y. County, Index No. 157811/2024) (court appointed co-lead counsel); *Lunsford v. Maryhaven Inc*., Case No. 25CV003753 (Ct. of Common Pleas, Franklin Cty. Ohio) (court appointed co-lead counsel); *Rice v. California Cancer Associates for Research and Excellence, Inc*., Case No. 5:25-cv-01636 (C.D. Cal.) (court appointed co-lead counsel); *In re Teamsters Local Union Nos. 117 and 174 Data Breach Litigation*, Case 25-3-21664-1 KNT (Wash. Sup. Ct., King Cty.) (court appointed co-lead counsel); *Bobo, et al. v. Krispy Kreme Doughnut Corp*., Case No. 3:25-CV-00434 (W.D. N.C.) (court appointed co-lead counsel); *Hammon, et al. v. Omni Healthcare Financial Holdings*, Case No. 3:25-CV-00263 (W.D. N.C.) (court appointed co-lead counsel); *Smith v. Monterey Mushrooms*, Case No. 25-cv-08213-BLF (N.D. Cal 2025) (court appointed co-lead counsel); *Poudrier v. Manpower of Lansing, MI, Inc*., Case No. 1:25-cv-00956-PLM-PJG (W.D. MI 2025) (court appointed co-lead counsel); *Miller v. Mercer Health, et al*., Case No. 25-CIV-037 (Common Ct. of Pleas, Mercer Cnty. Ohio) (court appointed co-lead counsel); *Parks v. Rural Health Services, Inc*., Case No. 2025CP0201622 (So. Carolina, Aiken Cnty, Common Pleas) (court appointed co-lead counsel); *Orrantia v. S.V.D.P. Management, Inc*., Case No. 25CU048774C (Super. Ct. Cal., San Diego Cnty.) (court appointed co-lead counsel); *Walker v. Wayne Memorial Hosp. Auxiliary, Inc*., Case No. SUCV2025000245 (Ga., Wayne Cnty) (court appointed co-lead counsel); *In re Methodist Home Care Data Incident Litigation*, Case No. CV2025-904388.00 (Cir. Ct. Jefferson Cty., Ala.) (court appointed co-lead counsel).

CVN also serves in more informal (e.g., Executive Committee) leadership positions in numerous other data breach cases and in sole counsel roles in even dozens more—actions currently venued across well over 30 states. CVN, thus, possesses the experience and ample resources to lead the current case(s), once consolidated, and will continue to do so throughout this litigation.

**2. Jason H. Alperstein of Carella Byrne**

Mr. Alperstein has been recognized by several leading industry organizations for the success he has achieved as a young lawyer, including in data breach cases and multi-district litigation throughout the country.

Of note, prior to joining Carella Byrne, Mr. Alperstein served on the class counsel litigation team in *In re Checking Account Overdraft Litig.*, No. 09-md-02036 (S.D. Fla.), which resulted in over $1.2 billion in settlements from the nation's largest financial institutions. Mr. Alperstein was appointed co-lead counsel in several class actions involving insurers' failure to pay the "actual cash value" on first-party total loss vehicle claims, including in *Paris v. Progressive American Ins. Co.*, No. 19-cv-21761 (S.D. Fla.), where he obtained a $38 million settlement on behalf of Florida insureds. In addition, Mr. Alperstein was an integral member of the teams that litigated *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, & Prods. Liab. Litig.*, No. 15-md-2672 (N.D. Cal.) ($17 billion in aggregate settlements), where he was involved in almost all aspects of the litigation, including at the appellate level. He was also a key team member in *In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Prods. Liab. Litig.*, No. 17-md-02777 (N.D. Cal.), another "clean diesel" case, which resulted in an $840 million settlement. And, perhaps most importantly, Mr. Alperstein assisted Lead Counsel in obtaining a $117.50 million settlement in *In re Yahoo! Inc. Customer Data Security Breach Litig.*, No. 16-md-02752 (N.D. Cal.)—the largest data breach settlement at the time.

Mr. Alperstein has continued to develop an expertise in data breach litigation as an attorney at Carella Byrne, working closely with James E. Cecchi, who currently serves as lead counsel, co-lead counsel and as an executive committee member in some of the most important data security actions in the United States. Carella Byrne is a leader in the field of cybersecurity law. A few examples of Carella Byrne's current court-appointed leadership positions are included below:

- *In re TikTok Inc. In-App Browser Privacy Litigation*, MDL No. 2948-A, No. 1:24-cv-02110 (N.D. Ill.) (Executive Committee Member);

- *In re: Conduent Business Services Data Breach Litigation*, Civil Action No. 2:25-cv-16953 (D.N.J.) (Hon. Michael E. Farbiarz) (Co-Lead Counsel)

- *In re: American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, MDL No. 2904, Case No. 2:19-md-02904 (D.N.J.) (Sole Lead Counsel);

- *In re AT&T Inc. Customer Data Security Breach Litigation*, MDL No. 3114, No. 3:24-cv-00757-E (N.D. Tex.) (Executive Committee);

- *In re T-Mobile 2022 Customer Data Security Breach Litigation*, MDL No. 3073, No. 22-md-03073 (W.D. Mo.) (Executive Committee);

- *In re: PowerSchool Holdings, Inc. and PowerSchool Grp. LLC Cust. Sec. Breach Litig.*, No. 25-md-3149 (S.D. Cal.) (Lead Counsel for School District Class Action track).

- *In re: Fortra File Transfer Software Data Security Breach Litigation,* MDL No. 3090 (S.D. Fla.) (MDL Track Coordination and Settlement Counsel);

- *In re: Change Healthcare, Inc. Customer Data Security Breach Litigation*, MDL 3108, No. 1:24-md-03108 (D.M.N.) (Steering Committee Member);

- *Schroeder v. HealthEC, LLC*, No. 24-0096 (D.N.J.) (Liaison Counsel); and

- *In re: American Financial Resources, Inc. Data Breach Litigation*, No. 2:22-cv-01757 (D.N.J. Mar 29, 2022) (Co-Lead Counsel).

**3. Anthony L. Parkhill of Barnow and Associates, P.C.**

Anthony L. Parkhill's knowledge and experience in cybersecurity class action litigation make him well-suited to be appointed as one of Interim Class Counsel. He has spent the past decade prosecuting some of the nation's largest and most complex consumer fraud, automotive defect, and privacy class action cases. He has heavily litigated, spearheaded discovery, briefed, argued at both the trial and appellate level, and settled essentially every aspect of data privacy class action cases.

His efforts have yielded class-wide settlements which have secured injunctive and made available monetary benefits worth hundreds of millions of dollars for class members. Mr. Parkhill has been appointed to leadership roles in multiple class action lawsuits that have resulted in settlements granted final approval. In *Cochran v. Kroger Co.*, No. 5:21-cv-01887-EJD (N.D. Cal.), he was appointed as one of Class Counsel in this data breach class action against Kroger, where he helped negotiate a settlement that resulted in a $5 million common fund settlement. He was appointed as one of class counsel in *Kesner v. UMass Memorial Health Care, Inc.*, No. 2185 CV 01210 (Super. Ct. Worcester Cnty., Mass.), a medical data breach class action, where he aided in negotiating a settlement creating a $1,200,000 fund for approximately 209,000 class members. In *Kostka v. Dickey's Barbecue Restaurants, Inc.*, No. 3:20-cv-3424 (N.D. Texas), the court appointed him as one of class counsel in this payment card data breach case where he helped negotiate a settlement that created a $2,350,000 fund for class members. He was also appointed as one of Settlement Class Counsel in *Briscoe v. First Financial Credit Union*, No. D-202-CV-2022-02974 (2nd Dist. Ct. of New Mexico), helping craft a $1,600,000 settlement fund for approximately 229,748 Settlement Class Members.

He was also appointed as one of class counsel in a number of other data breach cases including, *inter alia*, *Easter v. Sound Generations*, No. 21-2-16953-4 SEA (Sup. Ct. King Cnty., WA), *McCullough v. True Health New Mexico, Inc.*, No. D-202-cv-2021-06816 (N.M. Second Jud. Dist. Ct.), *Lukens v. Utah Imaging Associates, Inc.*, Case No. 210906618 (Salt Lake City, Utah Third Dist. Ct.), *Lozano v. CodeMetro, Inc.*, No. 37-2020-00022701 (Super. Ct. San Diego, Cal.), *Perdue v. Hy-Vee, Inc.*, No. 1:19-cv-01330 (C.D. Ill.), and *LaFratta v. Medical Healthcare Solutions, Inc.*, No. 2277CV00106 (Super. Ct. Essex Cnty., Mass.). He has also been appointed to Plaintiffs' Executive Committee in a number of class action cases, including, *inter alia*, *In re Cerner/Oracle Data Breach Litigation*, No. 25-cv-00259 (W.D. Mo.), *Dimoff v. Allegheny Health*

*Network*, No. 2:25-cv-00125 (W.D. Pa.), and *In re HealthEC LLC Data Breach Litigation*, No. 2:24-cv-00026 (D.N.J.).

**Filing of a Consolidated Complaint**

The Parties have agreed to explore the possibility of early resolution following the filing of a Consolidated Complaint. However, counsel for Defendant has represented to the undersigned that efforts to determine the number of individuals potentially impacted in the underlying incident remain in progress. As such, the Parties met and conferred and agreed to the below proposed deadline which are based off the Court's entry of an Order granting consolidation and appointment of counsel:

- Plaintiffs will serve their Consolidated Complaint ("Complaint") within 45 days of the Order.

* * *

Should Your Honor have any questions regarding our Rule 23(g) proposal or the Parties' proposed deadline, we are available at your convenience. In the hope that both are acceptable, I have enclosed a proposed form of order under Rule 23(g), which includes the Parties' proposed deadline set forth above.

Respectfully submitted,

/s/ *Avi Mermelstein*

Avi Mermelstein, Esq. (N.J. SB# 907892012)
**ARENSON, DITTMAR & KARBAN**
420 Lexington Avenue, Suite 1402
New York, New York 10170
Telephone: (212) 490-3600
Facsimile: (212) 986-1952
Email: avi@adklawfirm.com

Scott Edward Cole, Esq.*
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Email: sec@colevannote.com

*Attorneys for Representative Plaintiff and the Plaintiff Class*

**Pro hac vice forthcoming*

cc: Counsel of Record (via ECF)