**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY DELGADO, individually, and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>MERCADIEN, P.C., CPAS,<br>Defendant. | **Case No. 3:26-cv-01773-MAS-TJB**<br>**(*Consolidation pending*)**<br>**<u>CLASS ACTION</u>**<br>**JOINT STATUS CONFERENCE REPORT**<br>***Date: May 27, 2026***<br>***Time: 1:30 p.m.***<br>***[Telephonic]*** |

**COME NOW**, Representative Plaintiff Anthony Delgado ("Representative Plaintiff") and Defendant Mercadien, P.C., CPAs ("Defendant"), pursuant to Federal Rules of Civil Procedure, Rule 16, jointly submit this Joint Status Conference Report in advance of the May 27, 2026 Status Conference.

## I. JURISDICTION AND SERVICE

Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a putative class action where the alleged amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed Class and at least one Class Member is a citizen of a state different from Defendant. Venue is proper in this Court under 28 U.S.C. § 1391. No issues exist regarding personal jurisdiction or venue. All named Parties have been served.

# II. FACTS

## A. Procedural History

Representative Plaintiff filed his Complaint on February 23, 2026. Four additional putative class actions were filed regarding the same data security event that is the subject of this action—each of which being the subject of a motion for consolidation filed on April 6, 2026. Doc 4. That motion (and its request for appointment of interim class counsel) remains pending before this Court.

## B. Statement of Facts

### *i. Representative Plaintiff's Position*

Representative Plaintiff Delgado alleges that, in our about November 2025, Defendant discovered a cybersecurity incident affecting its information systems. Multiple waves of notice to the putative class began to be sent out in February 2026.

Plaintiffs in each of the pending matters allege, in short, that cybercriminals were permitted to infiltrate Defendant's systems as a result of inadequate network protection, lack of adequate training, etc. The incident allegedly resulted in the exposure of personally identifiable information ("PII") stored within Defendant's information network, with data sets including information such as class members' full names, Social Security numbers, driver's license/state ID information, , dates of birth, financial account information, and other sensitive information.

Defendant denies these characterizations of the data security incident, denies that notice was unreasonably delayed, and denies that Plaintiffs have suffered any injury as a result.

## III. LEGAL ISSUES

### A. <u>Representative Plaintiff's Position</u>

The relevant legal issues before this Court include: (1) whether Representative Plaintiff sufficiently pled viable causes of action to establish Defendant's liability for the Data Breach, (2) whether Defendant took reasonable steps to protect Representative Plaintiff's and class member data, (3) whether Defendant's conduct proximately caused Plaintiff's class member's injuries and (4) whether this case is appropriate for class certification.

### B. <u>Defendant's Position</u>

The relevant legal issues before this court include: (1) whether Plaintiff has suffered an injury-in-fact or any damages as a result of the events alleged; (2) whether Defendant owed Plaintiff a duty to protect their personal information as a matter of law; (3) whether Defendant breached any duties owed to Plaintiff; (4) whether the parties have an implied contract for data security and whether any such contract was breached; and (5) whether Plaintiff can meet the elements for class certification.

## IV. MOTIONS

### A. <u>Representative Plaintiff's Position</u>

Representative Plaintiff intends to file a motion for class certification within a reasonable time after class discovery has been completed. Representative Plaintiff believes it is premature to set a deadline for that briefing at this time.

### B. <u>Defendant's Position</u>

Defendant intends to file a pre-answer motion to dismiss in response to the Consolidated Class Action Complaint. Defendant also intends to oppose any motion for class certification.

## V. AMENDMENT OF PLEADINGS

### A. <u>Representative Plaintiff's Position</u>

As Plaintiff discovers additional parties responsible for the event, the alleged failure to notify class members in a timely and adequate manner, and/or any other allegations tied to this action, it is Plaintiff's intention to amend the operative Complaint to add them (or simply add them in connection with the filing of the anticipated Consolidated Complaint). Plaintiff and Defendant will work cooperatively to facilitate such a filing and avoid unnecessary motion work, so as to reduce any potential burden to the Court.

### B. <u>Defendant's Position</u>

Defendant has not yet filed any responsive pleadings.

## VI. EVIDENCE PRESERVATION

Counsel for the Parties have met and conferred regarding preservation matters. The Parties agree that they shall preserve evidence in electronic or other form that they reasonably and in good faith believe may be relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

### A. Representative Plaintiff's Position

Representative Plaintiff does not believe there are any non-party interested entities or persons to disclose.

### B. Defendant's Position

Defendant does not believe there are any non-party interested entities or persons to disclose.

## VIII. DISCOVERY (CLASS CERTIFICATION)

### A. Representative Plaintiff's Position

Representative Plaintiff believes discovery procedures provided in the FRCP are sufficient. Plaintiff has propounded interrogatories to Defendant and intends to propose discovery and ESI protocols; responses to propounded interrogatories are promised prior to the upcoming Status Conference so as to facilitate that discussion.

This action is maintainable as a class action under FRCP Rule 23(a)(1)-(4), in that the Class is so numerous that joinder of all members is impracticable, there are

questions of law and fact common to Class Members, the claims of the Representative Plaintiff is typical of the claims of other Class Members and the Representative Plaintiff will fairly and adequately protect the interests of the Class. This action is maintainable as a class action under Rule 23(b)(1) in that prosecution of separate actions would create a risk of establishing incompatible standards of conduct for Defendant and adjudications which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

This action is also maintainable as a class action under FRCP Rule 23(b)(2) in that Defendant has acted and/or refused to act on grounds that apply generally to members of the Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect thereto. Finally, this action is maintainable under FRCP Rule 23(b)(3) in that questions of law or fact common to Class Members predominate over questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Class is easily identifiable as it will consist only of individuals whose data was accessed by an unauthorized third party.

While Plaintiff does not believe bifurcation of discovery is warranted or suggested, the parties will endeavor to focus their efforts on bringing the matter into a class certification posture at the earliest possible time. If the parties are successful

in setting a mediation in this matter, discovery will also seek information regarding the root cause of the security event, class wide damages issues and other topics needed to evaluate settlement.

**B. <u>Defendant's Position</u>**

Defendant maintains that this case is not maintainable as a class action under FRCP Rule 23(a)(1)-(4) or 23(b)(1) or 23(b)(2), including because there are not questions of law or fact common to putative Class Members, adjudicating this case will require individualized inquiries for each class member, individualized issues predominate over common issues, the putative Representative Plaintiff's claims are not typical of the claims of other putative Class Members, the Representative Plaintiff will not fairly and adequately represent the interests of the putative Class, a class action is not a superior method for fairly and efficiently adjudicating the controversy, prosecution of separate actions would not create a risk of establishing incompatible standards of conduct for Defendant and adjudications which might be dispositive of the interests of other putative Class Members who are not parties to the adjudications, prosecution of separate actions would not substantially impede putative Class Members' ability to adequately protect their interests, Defendant has not acted and/or refused to act on grounds that apply generally to members of the putative Class, final injunctive relief or corresponding declaratory relief is not

appropriate, and the putative Class's damages are not susceptible to calculation using a class-wide methodology.

## X. RELATED CASES

Consolidation of all related cases into this action is pending before the Court. The Parties are not aware of any other related cases.

## XI. RELIEF

### A. <u>Representative Plaintiff's Position</u>

Representative Plaintiff seeks damages, interest thereon, injunctive and other equitable relief and reasonable attorneys' fees and costs. Representative Plaintiff's and Class Members' damage amount will be proven at trial.

### B. <u>Defendant's Position</u>

Defendant denies that Representative Plaintiff and/or Class Members have been injured as a matter of law as a result of the incident and deny that they are entitled to the relief sought.

## XII. SETTLEMENT AND ADR

The parties have been engaged in settlement discussions and intend to set a date for mediation for this Fall. The parties are currently discussing dates for that ADR session and expect to reach agreement in the next 1-2 weeks. Since informal discovery has already begun and should continue in earnest, the parties do not see the need to seek a Stay of the proceedings at this time. The parties do, however,

believe that an extension for Defendant's response to the anticipated Consolidated Complaint would be appropriate so that they may focus their attention and resources to resolution.

The parties respectfully request the Court set a deadline for October 15, 2026 for the parties to file a Joint Report on the status of ADR. The Joint Report will provide the Court with an update regarding their ADR efforts and may seek further relief such as the setting of a motion date for preliminary settlement approval (in the event mediation is successful), a further Status Conference, or other hearing. Additionally, the Joint Report will address timing for Defendants' response to the anticipated Consolidated Complaint in the event a settlement has not been reached.

If, for any reason, the matters do not proceed as expected to mediation on the envisioned timetable, either side may file a report earlier, requesting an earlier Status Conference.

## XIII. OTHER REFERENCES

The Parties do not propose any referrals or references.

## XIV. NARROWING OF ISSUES

At this time, the Parties have not identified any issues that can be narrowed by agreement or motion but remain open to meeting and conferring regarding the potential narrowing of issues once this case proceeds beyond the pleading stage.

## XV. EXPEDITED TRIAL PROCEDURE

The Parties do not believe that this matter can be resolved on an expedited schedule.

## XVI. SCHEDULING

Representative Plaintiff Delgado believes it is inappropriate at this early stage of the case to set dates for discovery cut off or for class certification. Representative Plaintiff proposes the scheduling of these dates be postponed until a subsequent status conference. At present, a motion for consolidation and for appointment of interim class leadership is pending and, if and once granted, a Consolidated Complaint will be filed, potentially triggering pleadings motion work. What's more, the parties have already been heavily engaged in discussions regarding settlement issues, including the setting of mediation. The parties wish to discuss each of these issues with the Court at the upcoming Status Conference and their effect on case management.

## XVII. TRIAL

This case will be tried by a jury. If the proposed Class is certified, the first phase of trial is expected to require 10-15 court days.

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record for the Parties agree to comply with The Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court.

## XIX. OTHER MATTERS

### A. Representative Plaintiff's Position

There are no other matters presently requiring the Court's attention.

### B. Defendant's Position

There are no other matters presently requiring the Court's attention.

Dated: May 22, 2026

By: */s/ Scott Edward Cole, Esq.**

Scott Edward Cole, Esq.*
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone:(510) 891-9800
Facsimile: (510) 891-7030
Email: sec@colevannote.com

**Pro hac vice pending*

Avi Mermelstein, Esq.
**ARENSON, DITTMAR & KARBAN**
420 Lexington Avenue, Suite 1402
New York, New York 10170
Telephone: (212) 490-3600
Facsimile: (212) 986-1952
Email: avi@adklawfirm.com

*Attorneys for Representative Plaintiff Delgado and the Plaintiff Class*

By: */s/ Daniel M. Braude*
Daniel M. Braude (admitted pro hac vice)
**PIERSON FERDINAND LLP**
1270 Avenue of the Americas
7th Floor–1050
New York, NY 10020
Tel.: 914.315.8667
dan.braude@pierferd.com

Irene Oria, Esq.
**PIERSON FERDINAND LLP**
100 Overlook Center, 2nd Floor
Princeton, New Jersey 08540
-and-
333 SE 2nd Ave., Suite 2000 Miami
Florida 33131
Tel.: 786.873.4603
irene.oria@pierferd.com

*Attorneys for Defendant Mercadien, P.C., CPAs*